Martin, J.
delivered the opinion of the court.
This is an action against the maker of four promissory notes. There was an exception to the sufficiency of the petition that it did not set out the full names of the plaintiffs, which was overruled.
[504] The defendant pleaded a general denial; admitted his signature to the notes; and averred that they did not belong to the plaintiffs, but that *305 they were the property of one 'William Ayres, who was largely indebted to him; that the plaintiffs took said notes with a full knowledge that W. Ayres was so indebted. He prayed -that said debt due him might be pleaded in compensation and reconvention. He also propounded interrogatories to the plaintiffs touching the owuership of the notes sued on, and the interest of Wm. Ayres in them, which were answered and sworn to before a notary public in Hew-York. On the trial, the defendant’s counsel objected to the answers of the plaintiffs to the interrogatories, on the ground that there is no evidence of the judicial capacity of the notary to administer an oath. The answers were received because the name of the officer was stated in the commission, and a bill of exception taken to their admission.
There was judgment for the plaintiffs, and the defendant appealed.
I. The exception was properly overruled. The plaintiffs described themselves as George P. Shipman and Thomas H. Ayres. There was no necessity of stating the meaning of the letters placed between their surnames and names of the plaintiffs, such letters have often no meaning at all. An individual desirous of being distinguished from another in his vicinity, bearing the same name and surname, places any letter of the alphabet he pleases before his surname; although it be not the initial of any particular name. The Oode of Practice, art. 172, requires a name and surname, not the names, and surname; so that when a man has two Christian names, the first being the one by which he is most generally known, satisfies the requisites of the law, when the initial of the second is given.
II. The commission under which the plaintiffs’ answers to interrogatories were taken, being directed to “Walter Edwards, notary public in the city oí Hew-York,” authorized him to administer an oath to the parties interrogated, under the authority of the laws of this State, whether his official sta- [506] tion in Hew-York authorized him or not, to administer oaths.
On the merits, the answers to these interrogatories completely destroys the defence set up.
It is therefore ordered, adjudged and decreed, that the judgment of the commercial court be affirmed, with costs.